JOHN S. LEONARDO
United States Attorney
District of Arizona

LISA E. JENNIS
Assistant U.S. Attorney
lisa.jennis@usdoj.gov

MONICA EDELSTEIN
Assistant U.S. Attorneys
Arizona State Bar No. 023098
monica.edelstein@usdoj.gov

Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

vs.

Gordon Leroy Hall,

Defendant.

CR 14-00184-1-PHX-NVW

**JOINT PROPOSED MODIFIED JURY INSTRUCTIONS**

The United States of America, by and through undersigned counsel, hereby submits the attached Joint Proposed Jury Instructions to the Court as instructed by the Court on January 20, 2015.

Undersigned counsel avows that Mr. Stephen Kunkle, counsel for Defendant, has reviewed these instructions and concurs in their submission.

5.1 Aiding and Abetting- Defined

Statute Defining the Offense Charged- Making Fictitious Instrument (18 U.S.C. § 514(a)(1)

Statute Defining the Offense Charged- Using Fictitious Instrument (18 U.S.C. § 514(a)(2)

Respectfully submitted this 21st day of January, 2015.

JOHN S. LEONARDO
United States Attorney
District of Arizona

*s/ Monica Edelstein*

MONICA EDELSTEIN
Assistant United States Attorneys

CERTIFICATE OF SERVICE

I hereby certify that on the foregoing date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to all CM/ECF registrants of this action.

*s/ Monica Edelstein* _

## 5.1 AIDING AND ABETTING- DEFINED

A defendant may be found guilty of Making and Using Fictitious Financial Instruments even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, the Making Fictitious Financial Instruments in violation of 18 U.S.C. § 514 (a)(1) and Using Fictitious Financial Instruments in violation of 18 U.S.C. §514(a)(2) was committed by someone;

Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of 18 U.S.C. §514(a)(1) and 18 U.S.C. §514(a)(2) ;

Third, the defendant acted with the intent to facilitate a violation of 18 U.S.C. §514(a)(1) and 18 U.S.C. §514(a)(2); and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit a violation of 18 U.S.C. §514(a)(1) and 18 U.S.C. §514(a)(2).

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime [and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime].

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

---

Authority: Manual of Model Criminal Jury Instructions
for the Ninth Circuit (2010 ed.), Instruction 5.1 (Modified)

**Statute Defining Offense Charged- Making Fictitious Instrument (18 U.S.C. 514(a)(1).**

The defendant is charged in Count One and Two of the indictment with Making Fictitious Instrument, in violation of Sections 514(a)(1) and 2 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant drew, printed, processed, produced, or published a false or fictitious instrument, document, or other item identified in the indictment within the United States, or attempted to do the same;

Second, that the instrument, document, or other item identified in the indictment, appeared, represented, or purported through scheme or artifice, to be an actual security or other financial instrument issued under the authority of the United States or other political subdivision of the United States; and

Third, the defendant did so with the intent to defraud.

A "fictitious" instrument is a bogus document created to appear to be a financial instrument although no such genuine financial instrument exists and the fact of the instruments non-existence is unknown to the intended recipient. **[A fictitious instrument, and the fact of the instrument's non-existence, is presumably unknown, and not revealed to, the intended recipient. The document must credibly hold itself out to be a negotiable instrument**.][1]

---

[1] The defendant has requested the additional bracketed language. The government objects on the ground that the defendant's proposed language is actually a slight deviation from the holding in *Howick*. The language in *Howick* states: "In keeping with that objective, we conclude that the statute criminalizes even bogus obligations that a prudent person might upon consideration be unlikely to accept as genuine, so long as those documents bear a family resemblance to actual financial obligations. To trigger liability, in other words, the document need only credibly hold itself out as a negotiable instrument." *Howick*, 263 F.3d 1068. Therefore, to the use of the work "must" as defendant proposes is too strong. The government's position is that the entire additional language is unnecessary in light of the preceding sentence.

The government is not required to prove that the false or fictitious instrument, document or other item appeared to be similar to any actual financial obligation in particular. The item need only appear to be in a class of, or bear a family resemblance to, financial instruments.

To act "with intent to defraud" means to act with the intent to deceive or cheat. It is not necessary, however to prove that the United States or anyone else was, in fact, defrauded so long as it is established that the defendant acted "with intent to defraud."

---

Authority: 18 U.S.C. § 514(a)(1); *United States v. Howick*, 263 F.3d 1056, 1063-68 (9th Cir. 2001), *cert. denied*, 535 U.S. 946 (2002).

**Statute Defining Offense Charged- Using Fictitious Instrument (18 U.S.C. 514(a)(2))**.

The defendant is charged in Count Three and Four of the indictment with Using Fictitious Instrument, in violation of Sections 514(a)(2) and 2 of Title 18 of the United States Code. In order to for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant passed, uttered, presented, or offered a false or fictitious instrument, document, or other item identified in the indictment within the United States, or attempted to do the same;

Second, that the instrument, document, or other item identified in the indictment, appeared, represented, or purported through scheme or artifice, to be an actual security or other financial instrument issued under the authority of the United States or other political subdivision of the United States; and

Third, the defendant did so with the intent to defraud.

To "pass" or "utter" a false or fictitious instrument, document or other item includes any attempt to spend the item or otherwise place it in circulation.

The government is not required to prove that the false or fictitious instrument, document or other item appeared to be similar to any actual financial obligation in particular. The item need only appear to be in a class of, or bear a family resemblance to, financial instruments. **[A fictitious instrument, and the fact of the instrument's non-existence, is presumably unknown, and not revealed to, the intended recipient. The document must credibly hold itself out to be a negotiable instrument**.][2]

---

[2] The defendant has requested the additional bracketed language. The government objects on the ground that the defendant's proposed language is actually a slight deviation from the holding in *Howick.* The language in *Howick* states: "In keeping with that objective, we conclude that the statute criminalizes even bogus obligations that a prudent person might upon consideration be unlikely to accept as genuine, so long as those documents bear a family resemblance to actual financial obligations. To trigger liability, in other words, the document need only credibly hold itself out as a negotiable instrument." *Howick*, 263 F.3d 1068. Therefore, to the use of the work "must" as defendant proposes is too strong. The government's position is that the entire additional

To act "with intent to defraud" means to act with the intent to deceive or cheat. It is not necessary, however to prove that the United States or anyone else was, in fact, defrauded so long as it is established that the defendant acted "with intent to defraud."

---

Authority: 18 U.S.C. § 514(a)(2); *United States v. Howick*, 263 F.3d 1056, 1066-68 (9th Cir. 2001), *cert. denied*, 535 U.S. 946 (2002); modeled after Eleventh Circuit Pattern Jury Instructions, Criminal (2010), Ins. 15.2 (Counterfeit-Uttering- 18 U.S.C. § 472); *United States v. Holmes*, 453 F.2d 950, 952 (10th Cir. 1972).

---

language is unnecessary in light of the preceding sentence.