
STEPHEN C. KUNKLE, PLLC
Stephen C. Kunkle, Attorney at Law
5150 North 16th Street, Suite A-222
Phoenix, AZ 85020
AZ State Bar # 016239
Tel: 602.266.6900
Fax: 602.256.1121
E-mail: Kunkle@msn.com
ATTORNEY FOR DEFENDANT Gordon Hall

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GORDON LEROY HALL et al,<br><br>　　　　Defendant | Case No:CR14-184-PHX-NVW (MHB)<br><br>**MOTION TO WITHDRAW AS COUNSEL** |

　　　Comes now undersigned counsel, STEPHEN C. KUNKLE, and respectfully requests that this Court permit undersigned counsel to withdraw from further representation of the defendant Gordon Leroy Hall for the reasons set forth herein.

　　　Counsel understands his obligations to this Court, and to his client, Mr. Hall, but is also conflicted because his representation of Mr. Hall has degenerated into the abyss of non-existence as productive communication with Mr. Hall has ceased.

　　　Counsel further submits that should he continue to represent Mr. Hall while laboring within the construct of the current relationship, which is no relationship at all, that counsel would be committing numerous ethical violations, including but not limited to ER 1.1 (*Competence*); ER1.4 (*Communication*); ER1.14 (*Client with*

*Diminished Capacity*); ER1.16 (*Declining or Terminating Representation*);  ER3.1 (*Meritorious Claims and Contentions*); ER 3.5 (*Impartiality and Decorum of the Tribunal*); ER 6.2 (*Accepting Appointments*); ER 8.4 (*Misconduct*).  Rule 42, Rules of the Arizona Supreme Court.

Essentially, and without revealing the contents of the most recent communications with Mr. Hall, counsel believes that he must move this Court to withdraw to remain consistent with his professional obligations as there is a definite conflict within the attorney-client relationship.

Mr. Hall has his right to conflict free representation.  *United States v. Moore*, 159 F.3d 1154, 1157 (9th Cir. 1998).  This counsel also further understands that not every conflict between a lawyer and his client implicates Sixth Amendment concerns, particularly where the nature of the conflict and the extent of that conflict may be attributable to the conduct of the client.  *Schell v. Witek*, 218 F.3d 1017, 1027 (9th Cir. 2000).  And, in this case, what the contours of the relationship will be, whether meaningful or not, is a matter which is best determined by the Court.  *See e.g. Morris v. Slappy*, 461 U.S. 1, 3-4, 103 S. Ct. 1610, 75 L.Ed.2d 610 (1983).

Nonetheless, this has created an issue which needs to be addressed by this Court prior to proceeding further with critical stages of the case against Mr. Hall,

which on the eve of sentencing, where Mr. Hall potentially faces 25 years, and which is especially troubling to this counsel.

In this case, and as this Court is well aware, there have been previous proceedings concerning Mr. Hall's competency to proceed to trial, which again came in the context of this counsel's efforts to understand Mr. Hall during the months of November and December when trial was but a possible resolution to this case. *United States v. Garza*, 751 F.3d 1135 (9th Cir. 1135).

Further, counsel is aware of the fact that Mr. Hall has been denied the right to represent himself in earlier proceedings; there is nothing which, in this counsel's estimation, would change if Mr. Hall is allowed at this stage of the proceedings to represent himself now, even if by his conduct he may have forfeited his right to appointed counsel on his behalf. *Illinois v. Allen*, 397 U.S. 337, 343, 90 S. Ct. 1057, 25 L.Ed.2d 353 (1970); *see also United States v. Sutcliffe*, 505 F.3d 944, 954-957 (9th Cir. 2007).   And, even if this Court were to permit counsel to withdraw, it is not inconceivable that new counsel would face the very same obstacles in representing Mr. Hall.

However, and because of the complete lack of communication between this counsel and Mr. Hall, there are grave concerns about whether Mr. Hall would have any representation at all.[1]

Counsel respectfully requests that this Court hold an *ex parte* sealed hearing, on Monday, at the time initially set for sentencing, so that any confidential or privileged communications heard by the court from either counsel or the defendant regarding the current status of the attorney-client relationship remain inviolate.

At that hearing, and after hearing from Mr. Hall and counsel and making any inquiry, counsel respectfully requests that the Court determine whether this conflict undermines the representation of Mr. Hall to the point where he has no representation and whether or not this counsel should continue to act as his

---

[1] Counsel also acknowledges that this motion is filed on the eve of sentencing but would assure this Court that this is not for purposes of delay, as there is no tactical or strategic advantage for delay on behalf of Mr. Hall or for counsel.  As an example, counsel earlier this day filed a motion to continue sentencing (Doc. 140). Sentencing is set for Monday June 15 and as of this writing, counsel has not been able to even broach any form of mitigation with Mr. Hall's cooperation, or to clarify aspects of the pre-sentence report or formulate any objections to the report. Counsel, in the motion to continue sentencing alluded to the fact that he would be filing a motion to withdraw as well, which he is now writing.  In the eight hours in which the Court has reviewed and denied that motion to continue (which, again, is not being made for the purposes of delay) counsel was engaged with duties related to his new employment.  The reality is that because of counsel's leaving private practice and commencing full time employment at the Office of Legal Advocate there has been limited time to finish this matter (counsel's last CJA appointment) and find sufficient time to perform all of the necessary tasks on Mr. Hall's behalf. This problem has become especially acute for this counsel in light of personal circumstances which have been beyond his control.

counsel. *Holloway v. Arkansas,* 435 U.S. 475, 484-85, 98 S. Ct. 1173, 55 L.Ed.2d 426 (1978)

RESPECTFULLY SUBMITTED
Dated this 11th day of June  2015

By:     */s/Stephen C. Kunkle*
        Stephen C. Kunkle
        Attorney for Defendant

I hereby certify that on June 11th 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

The Honorable Neil V. Wake
United States District Court Judge

Clerk of Court
United State District Court

Ms. Lisa Jennis
Assistant United States Attorney
40 North Central Avenue, Suite 1200
Phoenix, AZ 85004