**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **United States of America,**<br><br>Plaintiff,<br><br>vs.<br><br>**Gordon Leroy Hall,**<br><br>Defendant. | No. **CR-14-184-PHX-NVW(MHB)**<br><br>Phoenix, Arizona<br>May 19, 2014 |

**BEFORE: THE HONORABLE JOHN A. BUTTRICK, MAGISTRATE JUDGE**

**TRANSCRIPT OF PROCEEDINGS**

**INITIAL APPEARANCE/ARRAIGNMENT**

**APPEARANCES:**

For the Plaintiff:
U.S. Attorney's Office
By: **Vincent Q. Kirby**, Esq.
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004

Standby for the Defendant:
Office of AshleyTraher
By: **Ashley Andrade Traher**, Esq.
2601 North 16th Street
Phoenix, Arizona 85006

Transcriptionist:
Candy L. Potter
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 36
Phoenix, Arizona 85003-2151
(602) 322-7246

Proceedings Recorded by Electronic Sound Recording
Transcript Produced by Transcriptionist

THE CLERK: Criminal docket 14-184, United States of America versus Gordon Leroy Hall. This is the time set for an initial appearance and arraignment.

Counsel, please announce for the record.

MR. KIRBY: Vincent Kirby here on behalf of the United States.

MS. TRAHER: Good afternoon, Your Honor, Ashley Traher appearing for possible appointment for Mr. Gordon Leroy Hall.

However, Mr. Hall indicates he does not wish to have court-appointed counsel.

THE COURT: And Mr. Gordon Leroy Hall, is that your true and correct name, sir?

THE DEFENDANT: I'm here today as trustee in this matter to appoint the chief financial officer of this court to produce the original charging accusatory instrument for my inspection and execution so we can resolve this matter now.

THE COURT: Well, before we get to that I need to know who you are.

Are you -- is your true name Gordon Leroy Hall, sir?

THE DEFENDANT: I'm here today as trustee on behalf of Gordon Hall.

THE COURT: You just said "I'm here today." Who is the "I" you're talking about?

THE DEFENDANT: Trustee.

THE COURT: Trustee for whom?

THE DEFENDANT: You can refer to me as Trustee Gordon Hall.

THE COURT: Okay. You're trustee of some trust, is that what you're saying?

THE DEFENDANT: Am I being charged with dealing with this matter?

THE COURT: The person being charged is Gordon Leroy Hall, and I'm assuming that's you unless you tell me otherwise.

THE DEFENDANT: I told you that I am the trustee here to resolve this matter.

THE COURT: Okay. You've said that four times here and it doesn't make any sense. I'm just trying to determine who you are. I'm going to assume, since you haven't contradicted me, that, in fact, you are Gordon Leroy Hall, the defendant in this matter.

This is your initial appearance in this case in this jurisdiction.

You have the right to remain silent. Anything you say may be used against you.

You also have the right to a lawyer. And if you cannot afford a lawyer, one will be appointed for you at no expense to you.

Miss Traher has mentioned that she stands ready to represent you if you qualify for court-appointed counsel, but she's indicated that you may not wish to have court-appointed

counsel. Is that true, sir?

THE DEFENDANT: Are you refusing -- are you refusing to accept my position here as trustee to resolve this matter?

THE COURT: No, I'm asking you a question. Do you wish to have court-appointed counsel appointed for you today?

THE DEFENDANT: Are there -- are there charges?

THE COURT: Yes. I'm going to get to the charges in a minute. But first I need to know whether you want to have a lawyer represent you.

THE DEFENDANT: Are you telling me I can't resolve this matter without an attorney receiving public benefits?

THE COURT: Quite to the contrary. I'm asking you if you wish to not have a court-appointed attorney representing you. If you don't want one representing you, there will not be one appointed for you today. Is that what you wish?

THE DEFENDANT: I appreciate that. Thank you.

THE COURT: Okay. Is that a yes, you prefer not to have a court-appointed attorney?

THE DEFENDANT: Well, unless there's some charges outstanding and I can't resolve them, at this point in time what need do I have of an attorney?

THE COURT: I'm not here to answer your questions, sir. I'm just trying to figure out whether or not we can let Miss Traher sit down and relax because she's not going to be representing you.

THE DEFENDANT: (Inaudible) that's very good, Magistrate. Your name is?

THE COURT: And my name is John Buttrick. I'm a United States Magistrate Judge here.

THE DEFENDANT: What is your last name, sir?

THE COURT: Buttrick, B-U-T-T-R-I-C-K.

Would you spell your name in full, please?

THE DEFENDANT: Trustee Gordon Hall.

THE COURT: And that's what it says on your birth certificate is trustee?

THE DEFENDANT: The attorney can sit down.

THE COURT: Okay. Well, I'm only going to let her sit down if she's not going to be representing you.

I just want to know, you're waiving your right at this time to have a court-appointed attorney; is that correct?

THE DEFENDANT: That's correct.

THE COURT: All right. Thank you.

Miss Traher, thank you very much for your time.

MS. TRAHER: Your Honor, just for the record, I did provide Mr. Hall with a copy of the Indictment, it's not been reviewed.

THE COURT: Okay.

MS. TRAHER: (Inaudible).

THE COURT: I appreciate that. Thank you.

Mr. Hall, you're here today because a Grand Jury has

returned an Indictment against you. And I think that's the document that Miss Traher just put down in front of you on the lectern there. And that Indictment sets forth five different felony counts. First violations of 18 United States Code Sections 514(a)(1) and 2, making fictitious instruments. There are two counts to that effect, Count 1 and Count 2.

In addition, Counts 3 and 4 allege violations of 18 U.S.C. Sections 514(a)(2) and 2, using fictitious instruments. Again, that's two counts, 3 and 4.

And then a fifth count, 18 U.S.C. Sections 922(g)(1) and 924(a)(2). And those involve an allegation of a felon in possession of a firearm, in violation of law.

In addition to that the Indictment sets forth requests for forfeiture, what's called a forfeiture allegation, concerning the possession of the specific pieces of personal property which were the firearms in question.

Those are the offenses with which you are charged.

There are two other codefendants who are subject to the same charges, except they are not subject to the forfeiture allegation. There's no allegation that the firearms in question belong to them.

Do you understand the charges against you at this time?

THE DEFENDANT: Magistrate, what charges?

THE COURT: The ones I just outlined that are set

forth in the Indictment that's been set in front of you.

THE DEFENDANT: Do you see some kind of signature on this copy?

THE COURT: Sir, I'm not here to answer your questions. If you have a lawyer, they could perhaps answer them. But you don't have a lawyer present today. You're representing yourself. Do you understand that?

THE DEFENDANT: Are you refusing to produce the original charging accusatory instrument for my inspection?

THE COURT: No, sir. What I have done is given you, and I think you have in front of you, the Indictment from the Grand Jury dated February 4, 2014. And I've called your attention to it.

Have you reviewed that document at all?

THE DEFENDANT: What document? What sworn document do I have before me?

THE COURT: I think it's about four inches from your hand, sir. It's the document entitled Indictment. And you'll see a stamp at the top saying February 4, 2014.

THE DEFENDANT: Are you refusing to produce for my inspection and execution the original charging accusatory instrument?

THE COURT: Are you refusing to look at the document I just described to you? I think you are.

THE DEFENDANT: I haven't had a chance to see whether

we have a document here, Your Honor. And my question is, where is there a signature on this copy? And where does that -- what charging instrument? Where is the signature, Your Honor? Where is the original? Does that -- what charging instrument? Where is the signature, Your Honor? Where is the original charging accusatory instrument for my inspection? Because nobody here now today in this courtroom has an original charging accusatory instrument for my inspection, let the record show no party here is stating any claim upon which relief can be granted.

THE COURT: It sounds as if you may want to make some sort of motion related to that. And you're free to do that. And you should do that in writing, in compliance with the local rules and the Rules of Criminal Procedure. And that will be ruled upon after it is lodged and appropriate time has gone past. But I can't rule on a motion that hasn't been brought yet. So we --

THE DEFENDANT: Why don't we adjourn this hearing. And unless you're going to produce an original charging -- or somebody else in this courtroom is going to produce an original charging accusatory instrument, my question is, what charges, Magistrate?

THE COURT: The ones that are in the Indictment that is right in front of you.

THE DEFENDANT: Are you suggesting that a copy without

signatures have any validity?

THE COURT: Yes. That is a copy of the true bill that was issued. And it certainly has validity. And it certainly is of importance to you.

THE DEFENDANT: Well, I conditionally accept that on proof of claim that your denial of the original charging accusatory instrument doesn't constitute a stated claim upon which relief can be granted.

THE COURT: As I said before, it sounds like you want to make a motion about that.

THE DEFENDANT: Then let's adjourn this and allow me the time to get my motion. If you can see to it that --

THE COURT: You'll have plenty of time.

THE DEFENDANT: -- the marshals and the rest of the people don't interfere with my books and paperwork, then I can probably get this together. So I'm asking for a continuance.

THE COURT: Well, we don't have to continue -- this is the initial appearance. You're not going to be adjudicated guilty or not guilty of any crime, felony or misdemeanor, here today. This is simply the initial appearance. You'll have ample time to file any motions that you want to file. But this is not a form for taking oral motions, particularly important oral motions, or potentially important oral motions, because you're talking about you're going to request relief of dismissal of the charges against you. That's the drift that

I'm getting from you. And that's an important motion, and you should have the opportunity to be able to make that motion. And the Government should have the opportunity to be able to respond to it. And we can't do that on an oral basis here today.

THE DEFENDANT: I'm okay with that, Your Honor. So let's adjourn this hearing so I can put that together. And if you'll see to it that I'm allowed access to my legal work, my books, et cetera, that have been removed from my person, then I can get this together, and without interference, and we can resolve this.

THE COURT: Well, hopefully there won't be any undue interference. And we will be adjourning in just a few minutes, but I do have some other issues to take up. And let's move on to those at this point.

First of all, is the Government seeking detention in this matter?

MR. KIRBY: Yes, we are.

THE COURT: Okay. And, Mr. Hall, would you like a detention hearing? That is an evidential hearing where both the Government and yourself can call any appropriate witnesses they wish and submit whatever evidence they wish on the sole issue of whether or not you should be detained between now and the time of trial. Would you like to have that hearing?

THE DEFENDANT: We can schedule that hearing.

However, I don't think it's necessary, unless somebody here has an original charging accusatory instrument for my inspection, otherwise, where is the charges to detain my person?

THE COURT: I understand your position.

Why don't we schedule that detention -- that hearing at this time. Do we have a date on that?

We can set that as quickly as this Thursday. Does that work for the parties?

MR. KIRBY: I believe so, Your Honor.

THE COURT: Okay.

THE DEFENDANT: Am I going to be denied access to a phone and my paperwork, as well as my books that outline the Federal Rules of Criminal Procedure, et cetera?

THE COURT: I shouldn't think so, that you would be denied that.

THE DEFENDANT: I'll accept your statement that you're not going to deny that, and I'll go with that. So I'll presume that I'm not denied access to the phone or my books or my legal work, then we'll be good to go, Your Honor, so that we have parity here.

THE COURT: Okay. How about May 22nd, which is this Thursday, at 10:00 o'clock in the morning?

THE DEFENDANT: That will work for me, assuming we're not going to have a violation of the previous things indicated.

At that time I'm requesting the original charging

accusatory document to be brought here.

Again, let the record show no party here now, today in this courtroom stated any claim upon which relief can be granted. Therefore, my business here is concluded.

THE COURT: Sir, do you understand that the hearing I just set is for the sole issue of detention? It doesn't have to do with any motion that you might bring at some later time, or even before that time, that might seek a dismissal of one or more of the charges on whatever grounds. You're certainly free to file those motions at any time. But the hearing on Thursday is going to be very narrowly limited in scope. The sole question is whether or not you should be detained between now and the time of trial.

THE DEFENDANT: I appreciate that fact.

THE COURT: Okay.

THE DEFENDANT: Excuse me for cutting you off.

THE COURT: That's all right.

THE DEFENDANT: I conditionally accept the offer to detain my person on proof of claim that there's an original charging accusatory instrument for my inspection and execution. Denying that is a denial of due process and equal protection under the law, and that a detention hearing is unnecessary in light of no nobody has stated any claim upon which relief can be granted.

THE COURT: Well, here's the main problem: The main

problem in what you're saying right now is one of timing. You have a right to a detention hearing. In fact, you just asked for one rather than waiving it. That's perfectly fine. But the law is pretty clear that we have to give you that hearing sooner rather than later. And the reason for that is, we don't like to detain people if, in fact, they shouldn't be detained.

Your freedom is being restricted, and so that's a very high priority. And the result of that is we have -- the rules state this has to happen relatively quickly. The Government has to be able to present in a short period of time evidence that would support your being detained against your will pending trial. If they can't do that, then you should be released. But what they can't do, and what we're not allowed to do, is let that drift on for months before we get to decide it. Your freedom is too precious for that. So we've got to have that hearing rapidly rather than later on.

Now if you wish we can delay it a few days into the next week. But you would have to request that. Your right is to have that detention hearing quickly. That's why I set it on Thursday.

Now, on the other hand, you're talking about, and you've made several references to your view of the law, which is that the Indictment should be dismissed, apparently all of it.

THE DEFENDANT: What Indictment?

THE COURT: The Indictment that I've been referring to that the Grand Jury issued that you say, wait a minute, I've got to see the original signature. Right? That's the essence of your argument.

THE DEFENDANT: Is there any signature on this document?

THE COURT: You mean the one sitting in front of you? It probably has a little S with parallel lines in it indicating that it was signed by the Grand Jury.

But that's the point, you've raised what you think to be a dispositive issue, one that disposes of the entire case. That's important. It's important that you be given the opportunity to be able to file that motion. It's important that the Government be given a reasonable opportunity to respond to it. It's important that whatever judge hears that motion has the ability to be able to consider those written findings, do whatever research is necessary, et cetera, written application. And then, if necessary, even order oral argument about that so that the parties will have a chance to be able to explain to the judge their position.

That can't be done within two to three days. So it's a cart and a horse situation here. You're saying, wait a minute, this case is going to be dismissed, so why should there even be a detention hearing? But what I'm telling you is you -- you have a right to a detention hearing. You want a

detention hearing. But it would be inappropriate for me to delay that past the time that your motion that you're thinking about gets filed and decided. Otherwise you could spend months detained when there's no grounds for detention.

THE DEFENDANT: You've indicated a willingness to put it off for a few days into the following week.

THE COURT: We could do that --

THE DEFENDANT: You've also indicated --

THE COURT: -- if you wish.

THE DEFENDANT: You've also -- let's do that.

Have you not also indicated I won't be denied my books, my legal work, and access to a phone on a reasonable basis?

THE COURT: I don't think you should be. I can't think of any reason why you would be.

THE DEFENDANT: If I am then I am prejudiced and, therefore, we'll have to deal with it on that basis.

THE COURT: Well, we can reset the hearing for Thursday the 29th of May at 10:30 before Judge Anderson in courtroom 302. How's that? Does that give you enough time for the detention hearing?

THE DEFENDANT: It's going to allow me enough time to get a bearing on this situation, presuming I'm not --

THE COURT: Sure.

THE DEFENDANT: -- denied reasonable access to the

phone, as well as my legal work and my books --

THE COURT: Right.

THE DEFENDANT: (Inaudible) by the marshal's service.

THE COURT: And it takes time to do these things. You're doing it without a lawyer, so it takes a little bit longer. I assume you are not a lawyer; is that correct?

THE DEFENDANT: Correct.

THE COURT: Okay. So you're going to be dealing with somewhat unfamiliar concepts, perhaps, rules that maybe you haven't seen before. So you need a little extra time to do that. I understand that.

Does May 29th work for you?

THE DEFENDANT: We could try that.

THE COURT: Okay. Well --

THE DEFENDANT: Do you have a set local rule at this facility?

THE COURT: There are local rules, that's right. There are local rules and there are Rules of Criminal Procedure. And you're going to be --

THE DEFENDANT: The local rules apply to the criminal procedure.

THE COURT: That's true. They do. Both civil and criminal.

You understand that by choosing to represent yourself you're going to be bound by those rules just like the

Government is? And that's maybe difficult for you, which is why I usually don't advise people to represent themselves, when there are -- particularly when there are excellent lawyers, both private lawyers and Government lawyers, that can be appointed for you. But if you want to do that, that's perfectly fine.

I noted in the file that when you were back in -- where did -- what jurisdiction were you in where you were transferred? South Carolina. That you -- at that point you mentioned before the magistrate judge there that you didn't want counsel. So I understand that.

But it will take you a little bit longer perhaps to do some of these things than someone who has counsel representing them. And the prime part of that is just the logistics, as you say, making phone calls, getting access to legal materials, et cetera. It's a little bit more awkward when you're detained to be able to do that.

But the first hearing is going to be this May 29th hearing at 10:30 before Judge Anderson in courtroom 302. And the issue there is the limited issue of detention.

Now, I also should set, because it's already been set with your codefendants, a trial date. July 1, 2014, at 9:00 o'clock before Judge Wake, also in this courtroom. And that date has already been set.

In addition to that there is a pretrial motions

deadline. You were talking about a motion earlier, on several occasions. You were talking about dismissal, et cetera. That deadline is June 6th.

THE DEFENDANT: So you're proposing to give me less than 40 or so days to prepare for a trial?

THE COURT: That's -- you have a right to a speedy trial. And that date has been set in this matter.

THE DEFENDANT: Do I not have a right to receive the original charging instrument for my inspection and execution?

THE COURT: Well, you're asking me for legal advice, and I'm not your lawyer. In fact, you've chosen not to have a lawyer. And that, as I understand it, is going to be part of the basis of a motion. I'm giving you a deadline for that motion. And that's June 6, 2014.

So make sure that whatever motion you file that is going to be considered by Judge Wake, or whoever he -- he may ask for a report and recommendation from a magistrate judge. But he may -- he will eventually rule on that. That's got to be filed by June 6th, unless there's some extraordinary reason or motion is filed to delay that change or change that deadline or whatever.

THE DEFENDANT: Let's assume that you're not denying I might be precluded reasonable access to the phone, books, my paperwork that's been removed from my person, because I would consider that certainly extraordinary that I would be denied

those things, do you not?

THE COURT: I don't know what things you're talking about. What do you mean about deemed denied? I don't know whether those are things you can get access to otherwise. I don't know. I do recognize the fact that being incarcerated slows things down a little bit. That's why -- that's one of the many reasons why having a lawyer is a good thing, because a lawyer can draft and do research, et cetera, that may be slower for somebody who is incarcerated.

But that can't be used as a sword to change -- to control the scheduling of the case. This is a choice that you're making to represent yourself. And it's a choice that has various you think advantages, and for sure there are disadvantages attached to it. And one of the disadvantages is you're going to have to work around the fact that you're incarcerated at the present time. Now maybe that --

THE DEFENDANT: (Inaudible) to see to it I get my private property that's been removed from my person, which is the books, legal books, law books, dictionary, et cetera, that's been taken by the marshal service, as well as my legal paperwork, and a reasonable access to the telephone, so that I can speak to my counsel that I wish to choose. Then it would be out of line, do you not think?

THE COURT: I don't know, because I don't know the facts of what you're talking about. I don't know what

documents are taken, which ones you still retain --

THE DEFENDANT: (Inaudible).

THE COURT: -- what you have access -- no, you didn't itemize anything, you just said books and records. Then you said legal papers, I don't know what that means.

So what you're going to have to do, if there's some -- I have no reason to believe there's been some extraordinary violation or --

THE DEFENDANT: My perceived -- my books that are Blacks Law Dictionary, as well as procedural criminal procedural books, et cetera. Those have been removed by the marshals, as well as copies of legal work that I have used for templates, et cetera. And those have not been returned at this time. And it's up to you all when you put me where I'm denied a phone or not a phone. If I'm going to be denied access to a phone, and you lock me in a bathroom, and you don't allow me access to my books, and you don't allow me access to anything, and I'm not allowed a writing utensil, or paper, or envelopes, or stamps that are in my property, then you certainly denied my right to due process and equal protection under the law under the guise of, well, we just have you locked up, gee.

THE COURT: Well, again, this is a potential grounds for a potential motion for some potential relief that you might file at some later time. But I can't comment on it now, it's not in front of me.

And I certainly know -- I'll guess that the Government's not prepared to address these issues as we sit here today. Am I right about that?

MR. KIRBY: That's correct, Your Honor.

THE COURT: Because he doesn't know anything more about what you're talking about than I do at this point. Maybe he does, maybe he doesn't.

But it's very hard to be able to respond or to assess, when all you're offering is sort of generalized statements. Is it true that if due process is violated, then due process is violated? Yeah. But whether that applies in your case --

THE DEFENDANT: (Inaudible) lock me in a place that has no access to a telephone, or I get a phone call -- a 15-minute phone call once every five days or three days or once a day at some inopportune hour, and you deny my books, which are Blacks Law Dictionary, procedural -- criminal procedural books, et cetera, civil and criminal, and a few other books that give me my contract books, a few things that give me the guidances to put together my things, and you don't want -- and you want to deny that, why is it you think that that isn't a denial of due process and equal protection under the law?

THE COURT: I think --

THE DEFENDANT: The prosecution has access to a phone at a reasonable hour, the prosecution has access to writing utensils, envelopes, and other things. You don't understand

what that is, Magistrate?

THE COURT: I think I understand what you just said. And let me just say that that's all factually dependent. You and I can imagine situations where due process would be violated. And we can also imagine -- at least I can imagine many situations where due process is not violated simply because of the fact that somebody is incarcerated. Of course it restricts your liberty. Of course it restricts the amount of contact you can have with the outside world. Of course it restricts your ability to have possession and use of certain writing utensils. And it even makes it difficult to do legal research. I don't dispute any of that. That's in the nature of being incarcerated, which is why the detention hearing may be of great interest to you. So that hearing is important.

As to these other issues, I can't deal with them in the abstract. If you actually have a claim that your rights have been violated, and that you have specific relief in mind, then you're certainly free to go ahead and file a motion. But you've got to give the Government an opportunity to respond to that. And you have to have clearly in mind what relief you want as a result of it.

And that may affect upcoming dates, it may not, et cetera. I'm just giving you the dates that have already been set for you -- for your codefendants to go to trial in this

matter. And that's an important -- obviously an important date to you. And that's why I reiterated it for you and set it at this time.

THE DEFENDANT: That's very kind of you, Magistrate, however --

THE COURT: That's part of the job.

THE DEFENDANT: -- (inaudible) trial or original charging accusatory instrument --

THE COURT: Okay.

THE DEFENDANT: -- (inaudible) execution, Magistrate.

THE COURT: All right. Anything else?

MS. TRAHER: Sir, before this matter adjourns, the next hearing that is set on the 29th, is that something that the Court is asking for my presence at? If so, I have a scheduling conflict at that date and time.

THE COURT: I don't -- I don't see the necessity for that, unless the defendant changes his mind, in which case --

What you're going to have to do is file a request for appointment of counsel and it will be taken up. But be aware of the fact that that takes time too. So that's why I want you to be absolutely sure that you don't want counsel provided for you.

Now you made some reference to outside counsel. If have you private counsel, you can certainly -- they can make an appearance on your behalf. However, please be aware that

they've got to know what these dates are. So if you go and hire outside counsel to represent you, you have every right to do that, but let them know what the dates are. Because what's not going to work is the following: The day before the trial somebody shows up and says, I now represent the defendant, and I'm not ready to go to trial tomorrow. Judge Wake's not going to like that at all.

THE DEFENDANT: I can understand that.

THE COURT: You got to give people notice of what the dates are.

THE DEFENDANT: What I'd like to do is I'd like to ask the prosecution to get ahold of me so we can sit down and see if we can informally resolve this matter.

THE COURT: Well, nothing prevents that from occurring.

THE DEFENDANT: Except my inability to reach him (inaudible).

THE COURT: Well, he's sitting right here, so that's -- that's a good --

THE DEFENDANT: (Inaudible) some time so that you and I might be able to meet to see if we can't informally resolve the case.

THE COURT: Be aware of the fact that you're not represented by counsel, so you've got to be very careful how you go about this. But there's no reason why you can't have

discussions with the Government.

MR. KIRBY: Just to make it clear, I am not the assigned prosecutor.

THE COURT: That's right. Who is?

MR. KIRBY: Lisa Settel.

THE DEFENDANT: Well, if you could notify the assigned prosecutor that I'd like to have -- see if we can't resolve this without wasting the valuable court's time, Your Honor.

THE COURT: Okay. Well --

MR. KIRBY: I'll pass the message along.

THE COURT: All right. Thank you.

THE DEFENDANT: Thank you.

THE COURT: Anything in addition for today?

MS. TRAHER: Just to confirm I'm not on this case and I'm not needed --

THE COURT: You are not on this case right now. But that could change in the future, but that's the way it is right now.

And you understand there will not be a lawyer there representing you on the 29th, unless you have an outside lawyer come in and represent you.

THE DEFENDANT: I understand, Magistrate.

THE COURT: Okay. Very good. Thank you.

THE DEFENDANT: Thank you for your time. And forgive

me for any offense I might have (inaudible).

THE COURT: No offense at all.

We'll be adjourned at this time. Thank you.

-oOo-

C E R T I F I C A T E

I, CANDY L. POTTER, court-approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

DATED at Phoenix, Arizona, this 21st day of August, 2015.

s/Candy L. Potter
Candy L. Potter